(No. 56372, 56689 cons.—

ROBERT C. ROBINSON et al., Appellees and Appellants, v. FIRST STATE BANK OF MONTICELLO et al. (Dwight H. Doss, Appellant and Appellee).

*Opinion filed June 17, 1983.—Rehearing denied September 30, 1983.*

Harlan Heller, of Harlan Heller, Ltd., of Mattoon, for appellants Robert C. Robinson *et al.*

Vernon H. Houchen and Kenneth Kinser, of Decatur, for appellee First State Bank of Monticello.

Hull, Campbell, Robinson & Gibson, of Decatur (Michael I. Campbell, of counsel), for appellee Dwight Doss.

JUSTICE CLARK delivered the opinion of the court:

On April 6, 1981, the plaintiffs, the heirs of Cordelia R. Davis, filed a three-count complaint in the circuit court of Macon County. The record does not disclose why all of the other documents not directly relating to the complaint were filed in Piatt County.

In counts I and II the plaintiffs sought damages from the defendant First State Bank of Monticello, and in count III from defendant Dwight H. Doss. The circuit court of Macon County dismissed all counts with prejudice. The appellate court reversed the circuit court's order on count III of the complaint and affirmed the circuit court's dismissal of counts I and II. (104 Ill. App. 3d 758.) The plaintiffs and defendant Doss filed petitions for leave to appeal with this court (73 Ill. 2d R. 315(a)) and both petitions were granted. The cases were consolidated for appeal in this court.

The will and codicil of Cordelia Davis were admitted to probate on October 10, 1978. On that date, the First State Bank of Monticello was appointed as executor. Under the will and codicil defendant Doss received substantially all of the testator's estate. The will was executed on November

15, 1974, and the codicil on August 20, 1976.

Both the will and the codicil were drafted by an attorney named Kenneth Kinser. Mr. Kinser is the attorney for the decedent's estate.

In Ms. Davis' will she included a paragraph explaining that defendant Doss was her friend, confidant and legal adviser and that on numerous occasions she had requested him to prepare her will. She further explained that he had refused because of their professional association.

Prior to the will of November 1974, Ms. Davis had executed another will. This will was executed on March 10, 1973, and named five individuals unrelated to the testator as legatees and devisees. The appellate court chose to label this group of individuals as "Anderson." We will also refer to this group of individuals as the Anderson group. There is nothing in the record to indicate whether the 1973 will was ever filed in the probate proceeding or who the executor was in that will.

On December 17, 1973, the testator executed a document prepared by defendant Doss entitled "Disclaimer, Cancellation, Nullification and Revocation." This document was attested to by two witnesses and notarized. In the document Ms. Davis stated that she "disclaims, cancels, nullifies and revokes all documents, instruments, pleadings and other written data prepared by attorney Tom Yates of Chicago, Illinois, and executed by the undersigned, especially including a certain Last Will and Testament prepared by said Yates, dated the 10th day of March, 1973, and any codicil thereof." Mr. Yates was hired by decedent at the suggestion of the Anderson group.

Subsequent to the date that Ms. Davis' 1974 will and 1976 codicil were admitted to probate by the probate court of Piatt County, the plaintiffs and Doss, together with the Anderson group, acting through their respective attorneys, entered into a written settlement agreement. The agree-

ment was dated April 6, 1979, and plaintiffs (the Robinson group), the Anderson group and defendant Doss were the three designated parties to the agreement. The record is unclear as to why the Anderson group was a party to the agreement and agreed to pay the Robinson group when they were not beneficiaries under the 1974 will or 1976 codicil. The agreement stated in pertinent part:

"WHEREAS, Robinson et al. [plaintiffs] have agreed to refrain from filing a suit to contest either will of Cordelia R. Davis above described, and Doss and Anderson, et al. have agreed to pay Robinson, et al. from the estate assets the sum of One Hundred Twenty-five Thousand Dollars ($125,000.00).

NOW, THEREFORE, in consideration of the promises and agreements herein set forth, the parties agree as follows:

\* \* \*

3. Robinson, et al. agree that they will not file a lawsuit to contest the Wills and Codicil of Cordelia R. Davis above described.

4. Doss and Anderson, et al. agree that Robinson, et al. will be paid the sum of One Hundred Twenty-five Thousand Dollars ($125,000) out of the assets of the estate.

5. Except as herein set forth, each of the parties hereby releases the other parties from any and all claims, causes of action and the like which might or may arise from any Will or Codicil execute[d] by Cordelia R. Davis or any other undertaking by the parties."

Each of the attorneys of the three designated parties signed the agreement. To the left of their signatures was a notation: "APPROVED AND ACCEPTED," and Kenneth Kinser, attorney for the estate, signed his name under the notation.

Also included in the record in this case is a document entitled "RECEIPT ON DISTRIBUTION" which states that the plaintiffs received the $125,000 that they had agreed to

in the settlement agreement. The document also states that the plaintiffs waived notice and consented to the approval of the final account of the First State Bank of Monticello in its capacity as executor of the decedent's estate.

On March 4, 1981, the plaintiffs filed a "PETITION FOR CITATION TO DISCOVER INFORMATION" in the circuit court of Piatt County. The petition was directed to Kenneth Kinser, attorney for the estate, Frances A. Anderson, president of the First National Bank of Monticello (not to be confused with the Anderson group), and Dwight Doss and his secretary. The plaintiffs asserted that the bank, and Kinser as attorney for the estate, owed the plaintiffs a fiduciary duty to disclose the existence of the document which purported to revoke the first will of the decedent. It also stated that as a result of all the defendants' failure to disclose the existence of the document, the plaintiffs refrained from filing a will contest proceeding within the six months allowed and entered into a settlement agreement.

The plaintiffs also asserted, in reference to the 1974 will, "[t]hat substantial grounds existed for a Will Contest based upon undue influence because the principal beneficiary of said Will and Codicil was DWIGHT H. DOSS, her attorney, and said Will was executed at a time when said DWIGHT H. DOSS, represented her in a fiduciary capacity *** "

In their petition the plaintiffs prayed for discovery of the original document of revocation (they had attached a copy of the document to their petition), any correspondence concerning the document, and any other wills. The defendants filed a motion to dismiss the petition asserting that section 16—1 of the Probate Act of 1975 (Ill. Rev. Stat. 1979, ch. 110½, par. 16—1), under which the petition was filed, referred to discovery of information needed to recover property for an estate and that the petition referred to no property that should have been included in the estate or was sought to be recovered for the estate. The

defendants also asserted that the circuit court had no jurisdiction over the petition for citation to discover information because the petition amounted to a collateral attack on the validity of the order admitting the will and codicil to probate and the six months provided for a will contest in section 8—1 of the Probate Act of 1975 (Ill. Rev. Stat. 1979, ch. 110½, par. 8—1) had expired. The defendants also contended that the petition incorrectly referred to the document of revocation as a will and that although the Probate Act of 1975 requires the filing of the testator's will under section 6—1 of the Probate Act of 1975 (Ill. Rev. Stat. 1979, ch. 110½, par. 6—1) it does not require the filing of the testator's documents of revocation. Also, the defendants pointed out that the 1974 will that was probated on October 10, 1978, contained the usual revocation clause which they alleged had the same effect as the document of revocation so that the plaintiffs knew the decedent's first will was revoked.

Lastly, the defendants contended that neither the bank, as executor, nor Kenneth Kinser, as attorney for the estate, was a party to the settlement agreement. The defendants argue that Kinser's signature on the agreement did not make the bank or Kinser a party to the agreement, or indicate that either took part in the settlement negotiations. They argue that it only showed that the defendant bank as executor was "notified, made aware of it, and was therefore bound to honor it." The bank pointed out that the only persons securing a benefit or suffering a detriment under the terms of the agreement were Doss, the Anderson group, and the Robinson group.

The circuit court of Piatt County entered an order stating that it did not have jurisdiction, and that even if it did have jurisdiction, "the facts presented do not justify a showing that the petitioning parties are interested in said estate at this time." The order dismissing the complaint stated that it was a final order and that no just reason ex-

isted to delay an appeal therefrom.

An appeal was never brought regarding the order probating the 1974 will and the 1976 codicil or the order dismissing the petition for citation to discover information, but on April 6, 1981, the plaintiffs filed the complaint that is at issue in this appeal in the circuit court of Macon County.

In count I of the complaint the plaintiffs alleged that the bank, as executor, had a fiduciary duty to the plaintiffs as heirs of the decedent. The bank, they alleged, had actual knowledge of the existence of the "Disclaimer, Cancellation, Nullification and Revocation instrument executed by Cordelia R. Davis" and in its fiduciary capacity had a duty to disclose the existence of the document to them. The plaintiffs further alleged that the bank had concealed the existence of the document without alleging facts to support that allegation, and that the bank knew that the plaintiffs would not have entered into the settlement agreement if they had known the revocation document existed. The heirs asserted that the breach by the bank of its duty directly and proximately caused them to lose their inheritance and they sought damages against the bank in the amount of $3.5 million in counts I and II of the complaint. No damages were sought from the bank in its representative capacity, nor was any claim asserted against the Davis estate.

In count II of the complaint, the plaintiffs alleged that the bank, as executor, had a duty to "exercise reasonable care to disclose the existence" of the revocation document and that the plaintiffs relied to their detriment on the defendant bank to make disclosure of matters known to it. The plaintiffs again alleged that they would not have entered into the settlement agreement if they had known of the revocation document and that the bank knew that; therefore, as a direct and proximate result of the failure of the bank to disclose the existence of the document the

plaintiffs were deprived of their inheritance.

Count III alleged that Doss induced the decedent to execute a will making him the beneficiary of a substantial amount of her estate and that the codicil increased the gift to Doss, as well as canceling a large debt he owed to the decedent. The plaintiffs also alleged that Doss, by trick, artifice and abuse of his fiduciary position, prevented them from receiving their inheritance through his intentional and tortious interference.

No issues are specifically raised with regard to the validity of the will or the codicil, and no damages are sought against the estate.

The bank filed a motion to dismiss counts I and II, and the circuit court granted its motion, dismissing counts I and II with prejudice but without a finding of fact, conclusion of law or any other reason for the dismissal.

The motion asserted numerous grounds for dismissal, some of which had been asserted in the bank's motion to dismiss the petition for citation to discover information. The bank argued that (1) section 8—1 of the Probate Act of 1975 required a will contest suit to be filed within six months, that the six months had lapsed, and that because the six-month limit was a jurisdictional requirement, the court was without jurisdiction, (2) that no appeal was brought regarding the order admitting the will and codicil to probate and that the complaint therefore was a collateral attack on that order, (3) that the defendants lacked standing to bring the action because the order admitting the will and codicil had not been set aside, (4) that the bank was not a party to the settlement agreement but only acquiesced in the agreement of the parties, (5) that the bank did not owe a fiduciary duty to the plaintiffs because the plaintiffs were not beneficiaries under the will and that the plaintiffs had retained counsel for purposes of entering into the settlement agreement so that they had not reposed any special degree of trust and confidence in the

bank and, finally, (6) the bank was under a duty under section 8—1(e) of the Probate Act of 1975 (Ill. Rev. Stat. 1979, ch. 110½, par. 8—1(e)) to support the will and codicil and had no obligation to become an advocate of the plaintiffs, who actually occupied an adversary position concerning the will and codicil.

Defendant Doss filed a motion to dismiss count III of the complaint in the circuit court. An order was entered dismissing count III with prejudice but without a finding of fact or conclusion of law, and the order gave no reason for the dismissal. His primary assertion in his motion to dismiss was that the six-month time limit provided for a will contest was a jurisdictional requirement and since that period had expired, the plaintiffs' action could not be brought.

The appellate court affirmed the circuit court's dismissal of counts I and II against the bank, referring to it as a late will contest, but reversed and remanded the circuit court's dismissal of count III as to the tortious interference with plaintiffs' inheritance by Doss, holding that it stated a cause of action against him.

On appeal before this court the plaintiffs assert that their complaint is not a will contest and that none of the three counts should have been dismissed for lack of jurisdiction. We disagree. We believe that all three counts should have been dismissed, because underlying the plaintiffs' whole complaint is the necessary determination that the decedent's 1974 will and the 1976 codicil that were admitted to probate and became valid under the Probate Act of 1975 are invalid. The basis of the plaintiffs' complaint rests on the assertion that as decedent's *heirs,* if the 1974 will and the 1976 codicil fail, and the 1973 will was properly revoked, the decedent's estate would pass to them through intestacy.

The admission of a will to probate is a prerequisite to the right to contest the will in a direct proceeding; however, if no direct proceeding is brought to contest the will

within the statutorily prescribed time period, the validity of the will is established for all purposes. *Sternberg v. St. Louis Union Trust Co.* (1946), 394 Ill. 452, 459.

Section 8—1 of the Illinois Probate Act of 1975 which was in effect when the decedent's will and codicil were admitted to probate provides that a will contest must be brought within six months after admission of the will to probate. (Ill. Rev. Stat. 1977, ch. 110½, par. 8—1.) In *Ruffing v. Glissendorf* (1968), 41 Ill. 2d 412, this court addressed the issue of whether the six-month statutorily prescribed time period for bringing a will contest was a statute of limitation or whether it was a jurisdictional requirement. This court held "that the time limitation in section 90 of the Probate Act [a predecessor of section 8—1] [was] jurisdictional and [was] not tolled by fraudulent concealment or by any other fact not expressly provided for by the statute." (41 Ill. 2d 412, 419.) Therefore, since the decedent's will in the instant case was not contested in a direct proceeding within the six-month statutorily prescribed time period, the validity of the decedent's will has been established for all purposes.

The appellate court correctly affirmed the circuit court's dismissal of counts I and II, and we agree with the reasoning the appellate court employed as to those two counts. However, our reasoning differs from that of the appellate court as to count III.

As the appellate court points out, count III of the plaintiffs' complaint alleges that defendant Doss, as the testator's attorney, owed her a fiduciary duty and that he breached that duty by inducing her to execute a will and a codicil making him the primary beneficiary of her estate and canceling a large debt he owed her. Count III of the plaintiffs' complaint is therefore based upon the allegation that defendant Doss, in abuse of his fiduciary position, and through his intentional and tortious interference, prevented plaintiffs from receiving their inheritance. In essence, the

plaintiffs are alleging in count III that the 1974 will and 1976 codicil that were admitted to probate are the product of Doss' fraud and undue influence and that therefore he tortiously interfered with their inheritance. Since we have already determined that the will in this case is valid, we believe that count III of the complaint was properly dismissed by the circuit court.

The appellate court based its decision regarding count III on two Illinois cases which it believed supported the plaintiffs' contention that Illinois recognizes a cause of action for intentional interference with inheritance in a case with a factual situation like the instant one. However, in *Nemeth v. Banhalmi* (1981), 99 Ill. App. 3d 493, and *Lowe Foundation v. Northern Trust Co.* (1951), 342 Ill. App. 379, the two cases the appellate court discussed, the factual situations were substantially different from the facts in the instant case. In this case, where a will has been admitted to probate and where the plaintiffs have engaged an attorney to determine whether they should file a will contest, have decided not to contest the will, have entered into a settlement agreement for $125,000 (agreeing to release the other parties to the agreement including defendant Doss from any and all claims and causes of action arising from any will, codicil or other undertaking by the parties), and have allowed the statutorily prescribed period in which to contest the will to expire (thereby establishing the validity of the will), we will not recognize a tort action for intentional interference with inheritance.

In *Lowe*, "[p]laintiff appeal[ed] from an order striking its complaint and dismissing its suit to contest the probate of a codicil to the will" of the decedent and to redress the injury caused by the alleged wrongful interference with and prevention of the execution of another codicil by decedent (342 Ill. App. 379, 381). The court in *Lowe* stated that "[t]he remedy of a person aggrieved by denial of probate of an instrument offered is by appeal [from probate court]

to the circuit court." (342 Ill. App. 379, 385.) The opinion states that the plaintiff in *Lowe* did appeal to the circuit court of Cook County from the order denying probate of the alleged holographic codicil, but that plaintiff procured dismissal of the appeal without prejudice before a hearing in the matter. It seems that the plaintiff chose to appeal to the appellate court the order striking its complaint and dismissing its suit to contest the will. It is clear, in any event, that the plaintiff in *Lowe* did bring an appeal to contest the order admitting a codicil to the decedent's will to probate, unlike the plaintiffs in the instant case, who did not contest the order admitting the decedent's 1974 will and 1976 codicil to probate. *Lowe* is factually distinguishable from the instant case.

In *Nemeth,* no will was ever admitted to probate; therefore, there could not be a contest of the admission of the will to probate under section 8—1 of the Probate Act of 1975. Thus, that case is not authority for the plaintiffs' assertion that we recognize a tort action for intentional interference with inheritance in a probated estate where a will contest remedy was available.

It seems obvious that the purpose of section 8—1 of the Probate Act of 1975 is to limit the time within which the validity of a will may be questioned and to create stability in the administration of estates. The appellate court cited *Pedersen v. Dempsey* (1950), 341 Ill. App. 141, wherein the court stated that the reasons for the time limit in filing a will contest was "the pressing importance of securing an orderly settlement of estates, to prevent embarrassment to creditors and others, and to avoid as much confusion as possible in the vast amount of property rights and titles that pass through probate." 341 Ill. App. 141, 143.

Given the facts in this case, if we were to allow the plaintiffs to maintain their tort action, we would be giving them a second bite of the apple and defeating the purpose of the exclusivity of a will contest under section 8—1. In all

three counts the plaintiffs' allegations were based on the defendants' failure to inform them of a document of revocation. First, it should be noted that section 6—1 of the Probate Act of 1975 (Ill. Rev. Stat. 1979, ch. 110½, par. 6—1) requires that "[i]mmediately upon the death of the testator any person who has the testator's *will* in his possession shall file it with the clerk of the court of the proper county ***." (Emphasis added.) It is questionable whether the Probate Act of 1975 required the filing of the document of revocation in this case, since it is questionable that it could be classified as a will or codicil. Also, the will that was admitted to probate, which we have determined is valid, contained the customary revocation clause which effectively revoked all prior wills, which is what the independent document of revocation was also intended to do. So the plaintiffs knew that the testator revoked her prior wills when they entered into the settlement agreement.

We wish to make it clear that we believe that section 8—1 was enacted in an attempt to make the administration of an estate as orderly as possible because of the gravity of the interests at stake; we therefore refuse to have section 8—1 circumvented by allowing the plaintiffs in this case to maintain a tort action which in its practical effect would invalidate a will that has become valid under the Probate Act of 1975. The appellate court found that, "[i]f the will is valid, it cannot reasonably be said that plaintiffs have suffered as in tort" (104 Ill. App. 3d 758, 761) but did hold for the plaintiffs against Doss on count III. We believe that to allow the complaint to be filed here would permit the issue of undue influence, which would have been grounds for a will contest, to be litigated years after the will was admitted to probate and immune from contest on this issue.

We conclude that the trial court correctly dismissed all three counts of the plaintiffs' complaint.

Accordingly, for all the reasons stated, the judgment of the appellate court is affirmed as to counts I and II and

reversed as to count III. The judgment of the circuit court of Macon County is affirmed.

*Appellate court affirmed in part and reversed in part; circuit court affirmed.*