Basil **GEORGES**, Alexander Georges, George J. Georges, Ted Georges, Dorothy G. Stacy, Efrosini Derehanis, and Dora Derehanis, Plaintiffs–Appellants,

v.

Marvin **GLICK**, and Baum, Glick & Wertheimer, Defendants–Appellees.

No. 87–3129.

United States Court of Appeals, Seventh Circuit.

Argued May 17, 1988.

Decided Sept. 14, 1988.

Rehearing and Rehearing En Banc Denied Oct. 31, 1988.

Andrew D. Hurwitz, Meyer, Hendricks, Victor, Osborn & Maledon, Phoenix, Ariz., for plaintiffs-appellants.

Peter A. Quilici, Horvath & Wigoda, Chicago, Ill., for defendants-appellees.

Before CUDAHY, FLAUM, and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

This is an appeal from an order of the district court dismissing the case for lack of subject matter jurisdiction. The court determined that it did not have jurisdiction because the suit fell within the "probate exception" to federal diversity jurisdiction. We reverse the judgment of the district court.

## I

## Background

On January 20, 1978, William S. Deree executed his last will and testament. The will was drafted by the defendant, Marvin Glick, and provided that all of Mr. Deree's property would be left to the William S. Deree Revocable Trust (the Trust). The Trust documents also were prepared by Mr. Glick and were executed on the same day. At this time, Mr. Deree and his second wife, Roberta Deree, entered into a post-nuptial agreement. The post-nuptial agreement and the Trust limited Mrs. Deree's interest in the Trust to $600,000, to be distributed upon Mr. Deree's death.[1] The balance of the trust corpus was to be distributed in equal shares upon Mr. Deree's death to his thirteen nieces and nephews.

On May 29, 1981, Mr. Deree amended the Trust. This amendment provided that, upon Mr. Deree's death, each of his nieces and nephews would receive $5,000 and Mrs. Deree would receive the balance of the trust estate. This amendment was drafted by Mr. Glick and had the effect of increasing Mrs. Deree's share of the trust from approximately $700,000 to approximately $2,000,000.

Mr. Deree died on November 8, 1982 at the age of ninety-one. He had been a long-time resident of Illinois, but was domiciled in Arizona when he died. On June 13, 1983, Mr. Deree's personal representative filed an application for informal probate of Mr. Deree's will in Arizona state court. In July 1983, Mr. Deree's thirteen nieces and nephews filed a separate action in an Arizona court (the Arizona suit) against, *inter alia*, Mrs. Deree. Mr. Glick was not a defendant in this suit. The Arizona suit sought to void the May 1981 amendment to the Trust on the grounds that Mr. Deree was mentally incompetent and was under undue influence at the time that he executed it. This suit was filed in the Civil Division of the Superior Court of Maricopa County, Arizona. Mrs. Deree filed a motion to transfer the suit to the Superior Court's Probate Division, but this motion was denied. *See Georges v. Wilson*, No. C 492073, order at 1 (Super.Ct.Ariz., Mar. 22, 1985); Appellants' App. at 27a. Before the case went to trial, the plaintiffs entered into a settlement agreement with Mrs. Deree pursuant to which the nieces and nephews received a total of $500,000 plus attorneys' fees. Because Mr. Glick and his law firm were not parties to this suit, they were not parties to the settlement agreement. Consequently, the terms of this settlement did not purport to release potential claims against them.

On January 30, 1986, seven of Mr. Deree's nieces and nephews filed the present suit. The plaintiffs submit, and the defendants do not disagree, that this action could not have been brought in Arizona because the defendants are not amenable to personal jurisdiction there. The complaint alleged that Mr. Glick knew that Mr. Deree was mentally incompetent, nearly blind and deaf, and acting under the undue influence of Mrs. Deree when he prepared the May 1981 amendment to the Trust. The plaintiffs asserted causes of action for legal malpractice, breach of contract to the plaintiffs as third-party beneficiaries of the

---

1. The Trust was amended soon after its execution to provide that Mrs. Deree would also receive funds to satisfy a mortgage on the Deree residence in Arizona. At the time of Mr. Deree's death this mortgage was approximately $100,000.

Trust, breach of fiduciary duty, and interference with the plaintiffs' inheritance from the Trust. After the parties had completed discovery, the defendants filed a motion for summary judgment and the plaintiffs filed a cross-motion for partial summary judgment. The defendants' motion contended that the plaintiffs' action was barred by the finality of the Arizona probate proceedings. However, the defendants did not question the district court's subject matter jurisdiction. The district court rejected the defendants' argument that the action was barred by the finality of Arizona probate proceedings. However, the court went on to consider, *sua sponte,* whether the plaintiffs' suit should nevertheless be dismissed for lack of subject matter jurisdiction. The court concluded that the probate exception to federal diversity jurisdiction applied in this case and dismissed the plaintiffs' suit. This appeal followed.

## II

### Analysis

The general framework for the exercise of federal diversity jurisdiction is set forth in 28 U.S.C. § 1332. The statute provides in relevant part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a). The statute says nothing about an exception to diversity jurisdiction for probate matters. The exception is created by the judiciary, not by Congress. Consequently, we must construe the exception narrowly. *See Rice v. Rice Foundation,* 610 F.2d 471, 475 (7th Cir.1979)

("[T]he federal courts construe the meaning of 'probate' quite narrowly to limit the scope of the exception."); *see also Loyd v. Loyd,* 731 F.2d 393, 397 (7th Cir.1984) (the probate exception is not a hard and fast jurisdictional rule, and federal courts have shown some willingness to find the exception nonoperable). The precise scope of the probate exception has not been clearly established. *See Rice,* 610 F.2d at 475–76. Certainly the actual probate of a will is within the exception. *See Markham v. Allen,* 326 U.S. 490, 494, 66 S.Ct. 296, 298, 90 L.Ed. 256 (1946); *Rice,* 610 F.2d at 475. Beyond that, the contours of the exception are vague and indistinct. As a general matter, courts tend to view the probate exception as extending to all suits "ancillary" to the probate of a will. *See, e.g., O'Callaghan v. O'Brien,* 199 U.S. 89, 110, 25 S.Ct. 727, 733, 50 L.Ed. 101 (1905); *Dragan v. Miller,* 679 F.2d 712, 715 (7th Cir.), *cert. denied,* 459 U.S. 1017, 103 S.Ct. 378, 74 L.Ed.2d 511 (1982); *Rice,* 610 F.2d at 476. However, the definition of "ancillary" is not well established. *Cf. Rice,* 610 F.2d at 476.

While the scope of the exception has not been established definitively, this court has identified several bases for the probate exception that can serve as useful guides to decision. *See Dragan,* 679 F.2d at 713–17; *Rice,* 610 F.2d at 475–76. The first of these bases is historical. *Dragan,* 679 F.2d at 713. "The Judiciary Act of 1789, ch. 20, § 11, 1 Stat. 78, conferred on the federal courts, in diversity cases, concurrent jurisdiction over 'all suits of a civil nature at common law or in equity.'" *Id.* Because "suits of a civil nature at common law or in equity" were assigned in eighteenth-century England either to common-law courts or the chancery court, and since probate matters were assigned to the ecclesiastical court, it is at least arguable that probate matters "were not included in the Judiciary Act's grant of jurisdiction to the federal courts." *Id.* Apparently for this reason, the Supreme Court said in *Markham* that "a federal court has no jurisdiction to probate a will or administer an estate...." 326 U.S. at 494, 66 S.Ct. at 298. A second,

and "practical," rationale for the probate exception is the need for legal certainty concerning whether probate matters and will contests should be in state or federal courts. *Dragan,* 679 F.2d at 714. "Certainty is desirable in every area of the law but has been thought especially so with regard to the transfer of property at death." *Id.* The thrust of this rationale is that state courts may be the better situs for probate matters because of the relative expertise of state courts with respect to their own probate law. *Id.* A third rationale is judicial economy. *Id.* By restricting probate matters and will contests to state courts, questions as to a will's validity can be resolved concurrently with the task of estate administration. Finally, a fourth rationale for the exception is to avoid unnecessary interference with state probate proceedings. *Rice,* 610 F.2d at 475. "Once a suit can be characterized as not involving 'pure probate,' the inquiry ... becomes whether resolution of the suit by the federal court will result in 'interference' with the state probate proceedings or the assumption of general probate jurisdiction." *Id.* at 475–76.

■ The application of these factors to the case before us makes it clear, we believe, that the probate exception to diversity jurisdiction is not applicable here. Neither historical considerations nor the more practical consideration of certainty in probate matters require the application of the exception. This case does not involve the actual probate of a will; nor does it affect directly the probate res. Mr. Deree's estate has been distributed conclusively in the Arizona probate action and this suit will not affect its distribution. By contrast, this suit involves an allegation of attorney misfeasance with respect to the preparation of an inter vivos trust;[2] the plaintiffs do not seek to disturb the finality of the Arizona probate proceedings. Consequently, we find no merit in the argument that because Mrs. Deree may be held

liable for damages in a third-party action, this lawsuit "is a mere continuation of the probate proceeding." Appellees' Br. at 20. It is Mrs. Deree's own assets, not the assets of the testator, that may be placed in jeopardy by a hypothetical third-party action; Mr. Deree's assets have been distributed conclusively.

The third purpose of the probate exception, judicial economy, would not be furthered by applying the exception here. The parties do not dispute that this suit could have been brought only in Illinois because the defendants were not amenable to personal jurisdiction in Arizona. Mr. Deree's will was probated in Arizona. In such a circumstance, application of the probate exception clearly would not further judicial economy.

The fourth rationale is "the desire of the federal courts to avoid interference with state probate proceedings." *Rice,* 610 F.2d at 475. Here, application of the exception to diversity jurisdiction is not necessary to avoid interference with the state's "assumption of general probate jurisdiction," *Id.* at 476. In *Robinson v. First State Bank of Monticello,* 97 Ill.2d 174, 73 Ill. Dec. 428, 434, 454 N.E.2d 288, 294 (1983), the Illinois Supreme Court held that all will contests—including causes of action which, although will contests in name, have the effect of challenging the validity of the will—must be resolved in a single proceeding. However, the Illinois Supreme Court restricted *Robinson* in *Ogle v. Fuiten,* 102 Ill.2d 356, 80 Ill.Dec. 772, 775, 466 N.E.2d 224, 227 (1984). The court in *Ogle* held that claims for negligence and breach of contract against an attorney in connection with the drafting of a will are not properly part of a will contest. Therefore, they do not constitute impermissible collateral attacks on the judicial determination of the validity of the testator's will. *Id.* *Ogle,* not *Robinson,* clearly is the relevant guidepost for this case. Thus, at least under Illinois law, the plaintiffs' suit here does

---

**2.** The plaintiffs argue that the probate exception is inapplicable here because this action relates to the execution of an inter vivos trust, not to a will. We reject such a *per se* rule. The inter vivos trust is clearly a will substitute. However, the fact that this case does involve a will substitute does not automatically render the probate exception applicable. *Cf. Dragan v. Miller,* 679 F.2d 712, 715 (7th Cir.), *cert. denied,* 459 U.S. 1017, 103 S.Ct. 378, 74 L.Ed.2d 511 (1982).

975

not present a matter ancillary to the probate of a will.[3]

## Conclusion

None of the policy concerns that support the judicially crafted, and therefore narrow, probate exception to congressionally mandated diversity jurisdiction militate in favor of invoking that exception in this case. Accordingly, the judgment of the district court is reversed.

REVERSED.

---

**3.** Assuming *arguendo* that this suit had been brought in Arizona—an impossibility given the fact that there can be no *in personam* jurisdiction in that state over the defendants—the consideration of noninterference with state probate matters would not require invocation of the exception. It appears that the suit would have been heard by the Civil Division of the Superior Court, a court of general jurisdiction, not by the specialized Probate Division of the Superior Court. *See generally* Ariz.Rev.Stat. § 14–6201(A) (inter vivos trust providing for distribution of assets upon death is nontestamentary). The litigation history of the plain-

tiffs' earlier suit against Mrs. Deree strongly supports this conclusion. Although Mr. Deree's will was probated in the Probate Division of the Superior Court, the suit against Mrs. Deree was filed in the Civil Division. The defendants then filed a motion to transfer the case to the Probate Division, but this motion was denied. *See Georges v. Wilson,* No. C 492073, order at 1 (Super. Ct.Ariz., Mar. 22, 1985); Appellants' App. at 27a. If this earlier suit was not a probate matter under Arizona law, then it is inconceivable that the instant action—which is far more tangential to the probate of Mr. Deree's will—would be a probate matter.