(No. 106461.—

*In re* ESTATE OF GRACE ELLIS, Deceased (Shriners Hospitals for Children, Appellant, v. James G. Bauman, Indiv. and as Ex'r of the Estate of Grace Ellis, Deceased, *et al.*, Appellees).

*Opinion filed October 29, 2009.—Rehearing denied*
*January 25, 2010.*

Wayne T. Lofthouse and Andrew Lofthouse, of Park Ridge, for appellant.

Kerry R. Peck, Ray J. Koenig III and Timothy J. Ritchey, of Peck, Bloom, Austriaco & Koenig, LLC, of Chicago, for appellee James G. Bauman.

JUSTICE BURKE delivered the judgment of the court, with opinion.

Chief Justice Fitzgerald and Justices Freeman, Thomas, Kilbride, Garman, and Karmeier concurred in the judgment and opinion.

## OPINION

Grace Ellis executed a will in 1964 naming Shriners Hospitals for Children (Shriners) as beneficiary of her estate if she died without direct descendants. In 1999, she executed a new will naming James G. Bauman as sole beneficiary. Bauman was the pastor of the church of which Ellis was a member. When Ellis died in 2003, the 1999 will was admitted to probate. It was not until 2006 that Shriners became aware of its interest in the 1964 will. Shriners filed the instant action to contest the 1999 will based on theories of undue influence and fraud and included a tort count for intentional interference with an expectancy of inheritance. The circuit court of Cook County dismissed all counts as untimely pursuant to section 8—1 of the Probate Act of 1975 (755 ILCS 5/8—1 (West 2006)). On appeal, Shriners challenged only the dismissal of the tort claim. The appellate court affirmed the trial court's judgment. 381 Ill. App. 3d 427.

We allowed Shriners' petition for leave to appeal (210 Ill. 2d R. 315(a)) and now hold that Shriners' tort claim

for intentional interference with an expectancy of inheritance is not limited by the six-month limitation period in section 8—1. Accordingly, we reverse the appellate court's judgment and remand to the trial court for further proceedings.

## BACKGROUND

On December 3, 1964, Ellis executed a will designating her elderly parents as the primary beneficiaries of her estate, and designating her descendants and petitioner Shriners as contingent beneficiaries. On August 9, 1999, Ellis executed a new will designating Bauman as sole primary beneficiary and Ellis' surviving heirs at law as contingent beneficiaries of her estate.

Ellis died on October 8, 2003, at the age of 86, leaving no direct descendants. Her estate was worth more than $2 million dollars. The 1999 will was filed with the clerk of the circuit court of Cook County on October 9, 2003, and admitted to probate on October 29, 2003. Bauman was named independent executor of the estate.

Shriners first became aware of its interest in the 1964 will when Bauman filed the will with the circuit court in 2006 as part of a separate will contest brought by several of Ellis' heirs at law. Shriners filed its "Petition to Contest Will and For Other Relief" on August 8, 2006. Shriners alleged that Ellis met Bauman in 1994 and became a member of St. John's Lutheran Church in Glenview, Illinois, where Bauman was a pastor. Ellis subsequently gave Bauman powers of attorney over her health care and property, changed title to more than $1 million of her assets to Bauman, and purchased gifts and an automobile for Bauman. Counts I and II of the petition contested the validity of the 1999 will based on theories of undue influence and mental incapacity. Both counts requested the vacation of the order admitting the 1999 will to probate, and the admission to probate of the 1964 will.

Count III, the count that is at issue in this appeal, set forth a tort claim for intentional interference with an expectancy of inheritance. It alleged that: (1) but for the 1999 will obtained by Bauman, Shriners would have received Ellis' entire estate; (2) with knowledge of the 1964 will, Bauman set forth on an intentional scheme to interfere with Shriners' expectancy for his personal benefit; (3) Bauman interfered with Shriners' expectancy by abusing his position of trust, unduly influencing Ellis to execute a new will and to buy him gifts, violating his fiduciary duty to Ellis, taking advantage of her age and diminished capacity, and failing to notify beneficiaries and interested parties after her death; and (4) but for Bauman's actions, the bequest to Shriners would have been received. Shriners asked that the circuit court enter judgment against Bauman. In its prayer for relief, it requested compensatory damages in excess of $2 million dollars, an accounting of all *inter vivos* transfers and gifts, and punitive damages.

Bauman filed a motion to dismiss the petition, asserting that it was filed more than six months after admission to probate of the 1999 will, in violation of section 8—1 of the Probate Act of 1975 (755 ILCS 5/8—1 (West 2006)).

Section 8—1 provides, in relevant part:

"Within 6 months after the admission to probate of a domestic will ***, any interested person may file a petition in the proceeding for the administration of the testator's estate or, if no proceeding is pending, in the court in which the will was admitted to probate, to contest the validity of the will." 755 ILCS 5/8—1 (West 2006).

The circuit court granted Bauman's motion, dismissed the entire petition with prejudice, and denied Shriners leave to amend.

On appeal, Shriners challenged only the dismissal of the tort claim in count III. The appellate court affirmed. 381 Ill. App. 3d 427. The appellate court held that the al-

legations in Shriners' tort claim were virtually identical to those in its will contest count based on undue influence. The court concluded that the legislature could not have intended "to bar a will contest as untimely after six months yet allow the same allegations to proceed in the tort arena." 381 Ill. App. 3d at 431. Therefore, the appellate court held, Shriners' tort claim amounted to an impermissible collateral attack on the order admitting the 1999 will to probate and was properly dismissed as time-barred under section 8—1 of the Probate Act of 1975. 381 Ill. App. 3d at 435.

## ANALYSIS

The sole issue in this appeal is the timeliness of Shriners' tort claim. As noted, the appellate court applied the six-month limitation period for filing a will contest set forth in section 8—1 of the Probate Act of 1975. This six-month limitation period is jurisdictional and not subject to tolling by fraudulent concealment or any other fact not expressly provided for by the Probate Act. *Ruffing v. Glissendorf*, 41 Ill. 2d 412, 419 (1968) (interpreting section 90 of the Probate Act, a predecessor of section 8—1). If a challenger to a will fails to initiate a direct proceeding to contest the will within the six-month statutory time period, the validity of the will is established for all purposes. *Robinson v. First State Bank of Monticello*, 97 Ill. 2d 174, 182-83 (1983); *In re Estate of Mohr*, 357 Ill. App. 3d 1011, 1013-14 (2005). Whether the six-month limitation is applicable to a tort claim is a question of statutory construction subject to *de novo* review. *People v. Lewis*, 223 Ill. 2d 393, 402 (2006).

The fundamental rule of statutory construction is to ascertain and effectuate the legislature's intent. *Ultsch v. Illinois Municipal Retirement Fund*, 226 Ill. 2d 169, 181 (2007). The best indication of the legislature's intent is the language of the statute, to which we ascribe its plain and ordinary meaning. *In re E.B.*, 231 Ill. 2d 459, 466

(2008). Where the statutory language is clear and unambiguous, it must be applied as written, without resort to other tools of statutory construction. *Board of Education, Joliet Township High School District No. 204 v. Board of Education, Lincoln Way Community High School District No. 210*, 231 Ill. 2d 184, 198 (2008). We will not depart from the plain statutory language by reading into it exceptions, limitations, or conditions not expressed by the legislature. *People ex rel. Madigan v. Kinzer*, 232 Ill. 2d 179, 184-85 (2009).

Shriners contends that the appellate court's application of section 8—1 of the Probate Act of 1975 to a tort claim for intentional interference with expectancy of inheritance contradicts the clear and unambiguous language of the statute and confuses the tort with a will contest. We agree. Under the plain language of section 8—1, the six-month statutory limitation period applies to a "petition *** to contest the validity of the will." 755 ILCS 5/8—1 (West 2006). A tort action for intentional interference with inheritance is distinct from a petition to contest the validity of a will, in several important respects. The single issue in a will contest is whether the writing produced is the will of the testator. *Mount v. Dusing*, 414 Ill. 361, 365 (1953); *Hall v. Eaton*, 259 Ill. App. 3d 319, 321 (1994). Any ground which, if proved, would invalidate the will, including undue influence, incapacity, fraud, or revocation, may state a cause of action. *Hall*, 259 Ill. App. 3d at 321. The object of a will contest proceeding is not to secure a personal judgment against an individual defendant but is a *quasi in rem* proceeding to set aside a will. *In re Estate of Spaits*, 104 Ill. 2d 431, 435-36 (1984); *Nupnau v. Hink*, 33 Ill. 2d 285, 288 (1965). See also *Merrick v. Continental Illinois National Bank & Trust Co. of Chicago*, 10 Ill. App. 3d 104, 114 (1973) ("An action to set aside a will is against the will itself and not the beneficiaries").

By contrast, in a tort claim for intentional interference with inheritance, "[o]ne who by fraud, duress or other tortious means intentionally prevents another from receiving from a third person an inheritance or gift that he would otherwise have received is subject to liability to the other for loss of the inheritance or gift." Restatement (Second) of Torts §774B (1979). The "widely recognized tort" does not contest the validity of the will; it is a personal action directed at an individual tortfeasor. See *Marshall v. Marshall,* 547 U.S. 293, 312, 164 L. Ed. 2d 480, 498, 126 S. Ct. 1735, 1748 (2006) (the tort claim "seeks an *in personam* judgment against [the defendant], not the probate or annulment of a will"). Although some of the evidence may overlap with a will contest proceeding, a plaintiff filing a tort claim must establish the following distinct elements: (1) the existence of an expectancy; (2) defendant's intentional interference with the expectancy; (3) conduct that is tortious in itself, such as fraud, duress, or undue influence; (4) a reasonable certainty that the expectancy would have been realized but for the interference; and (5) damages. See *In re Estate of Roeseler,* 287 Ill. App. 3d 1003, 1021 (1997); *In re Estate of Knowlson,* 204 Ill. App. 3d 454, 457 (1990); *Nemeth v. Banhalmi,* 99 Ill. App. 3d 493, 499 (1981); Restatement (Second) of Torts §774B (1979). The remedy for a tortious interference action is not the setting aside of the will, but a judgment against the individual defendant, and, where the defendant has himself received the benefit of the legacy, a constructive trust, an equitable lien, or "a simple monetary judgment to the extent of the benefits thus tortiously acquired." Restatement (Second) of Torts §774B(e) (1979). Thus, a tort claim for intentional interference with an expectancy is not a "petition *** to contest the validity of the will" under the plain statutory language of section 8—1.

Although section 8—1 does not expressly limit a tort action, Illinois courts nevertheless have restricted the tort in certain circumstances where a plaintiff forgoes an opportunity to file a tort claim within the six-month period for a will contest. In *Robinson*, after the will and codicil were admitted to probate, plaintiffs entered into a settlement agreement with the estate, agreeing not to file a will contest in exchange for $125,000. More than six months later, plaintiffs filed a complaint for tortious interference with expectancy of inheritance. This court held that the tort action should have been dismissed where plaintiffs chose not to avail themselves of a will contest remedy. *Robinson*, 97 Ill. 2d at 185. We stated:

"In this case, where a will has been admitted to probate and where the plaintiffs have engaged an attorney to determine whether they should file a will contest, have decided not to contest the will, have entered into a settlement agreement for $125,000 (agreeing to release the other parties to the agreement *** from any and all claims and causes of action arising from any will, codicil or other undertaking by the parties), and have allowed the statutorily prescribed period in which to contest the will to expire (thereby establishing the validity of the will), we will not recognize a tort action for intentional interference with inheritance.

\* \* \*

Given the facts in this case, if we were to allow the plaintiffs to maintain their tort action, we would be giving them a second bite of the apple and defeating the purpose of the exclusivity of a will contest under section 8—1." *Robinson*, 97 Ill. 2d at 184-85.

See also *Roeseler*, 287 Ill. App. 3d at 1021 ("If a will contest is available and would provide an adequate remedy to the petitioner, no tort action will lie"); *Knowlson*, 204 Ill. App. 3d at 457-58 (same); *In re Estate of Hoover*, 160 Ill. App. 3d 964, 966 (1987) (same).

This court noted in *Robinson* that the public policy underlying the enactment of section 8—1 is "an attempt

to make the administration of an estate as orderly as possible because of the gravity of the interests at stake." *Robinson*, 97 Ill. 2d at 186. See also *Pedersen v. Dempsey*, 341 Ill. App. 141, 143 (1950) (reasons for restricting a will contest include "the pressing importance of securing an orderly settlement of estates, to prevent embarrassment to creditors and others, and to avoid as much confusion as possible in the vast amount of property rights and titles that pass through probate"). We said that to allow the plaintiffs to maintain a tort action "which in its practical effect would invalidate a will that has become valid under the Probate Act of 1975 *** would permit the issue of undue influence, which would have been grounds for a will contest, to be litigated years after the will was admitted to probate and immune from contest on this issue." *Robinson*, 97 Ill. 2d at 186.

The concern articulated in *Robinson* about the "practical effect" of allowing the plaintiffs to maintain the tort action must be read in the context of the facts of that case. Unlike Shriners, the plaintiffs in *Robinson* could have obtained complete relief had they filed a timely will contest. Instead, they settled with the estate and agreed not to file any further claims arising from the will and codicil. In the instant case, we cannot say that a will contest was "available" to Shriners, nor that a successful will contest would have furnished the relief sought by Shriners in its tort action. The parties agree that Shriners was unaware of its bequest in the 1964 will until more than two years after the 1999 will had been admitted to probate. Our holding in *Robinson* was limited to not recognizing the tort action where plaintiffs have an opportunity to contest a probated will but choose not to do so, and subsequently enter into an agreement to take no further court action. Unlike the plaintiffs in *Robinson*, Shriners did not choose to forgo an opportunity to contest the probated will. It never had that opportunity.

Once the 1999 will was admitted to probate, and the six-month jurisdictional period had passed with no will contest having been filed, the validity of the will was established for all purposes. *Robinson*, 97 Ill. 2d at 182-83.

The facts in the case at bar are similar to *Schilling v. Herrera*, 952 So. 2d 1231 (Fla. App. 2007), where a Florida appellate court permitted the plaintiff's tortious interference with expectancy claim to go forward. The plaintiff was the decedent's only heir-at-law and was named the sole beneficiary in a 1996 will. In 2003, the defendant convinced the decedent to execute a new will naming the defendant as the sole beneficiary of her estate. The plaintiff did not learn of the decedent's death until after the defendant had petitioned the probate court for discharge of probate on the 2003 will. Shortly thereafter, the final order of discharge was entered by the probate court. *Schilling*, 952 So. 2d at 1233. The plaintiff subsequently filed his complaint for intentional interference with an expectancy of inheritance. The trial court dismissed plaintiff's complaint because he failed to exhaust his probate remedies. *Schilling*, 952 So. 2d at 1234. The appellate court reversed. The court acknowledged the rule in Florida that " 'if adequate relief is available in a probate proceeding, then that remedy must be exhausted before a tortious interference claim may be pursued.' " *Schilling*, 952 So. 2d at 1236, quoting *DeWitt v. Duce*, 408 So. 2d 216, 218 (Fla. 1981). The *Schilling* court held, however, that because the defendant's fraud was not discovered until after probate, the plaintiff was allowed to bring a later action for damages because relief in probate was impossible. *Schilling*, 952 So. 2d at 1236-37. Similarly, Shriners did not have a fair opportunity to pursue a remedy in probate because it was not aware of its expectancy under the earlier will, nor was it aware of Bauman's allegedly fraudulent

conduct, until after the 1999 will was admitted to probate and the six-month deadline for a will contest had expired.

Furthermore, a will contest would not have provided sufficient relief to Shriners because it would not have extended to the alleged *inter vivos* transfers of property. Shriners alleged that Bauman depleted Ellis' estate by inducing her to transfer assets worth more than $1 million to him prior to her death. In a successful will contest, Shriners could have recovered only assets that were part of the estate upon Ellis' death but could not have reached the assets transferred during her lifetime.

The court in *In re Estate of Jeziorski*, 162 Ill. App. 3d 1057, 1059 (1987), recognized under similar circumstances that a will contest alone could not fully compensate the plaintiffs. There, the plaintiffs filed an action to contest the decedent's will and also a claim for tortious interference with an expectancy. The plaintiffs alleged that the defendants had fraudulently procured *inter vivos* transfers from the decedent and that substantially all of the probate assets were outside of the estate. The trial court granted the defendants' motion to strike the tort claim, holding that heirs or legatees may not maintain an action for tortious interference where a will has been admitted to probate. *Jeziorski*, 162 Ill. App. 3d at 1059. The appellate court reversed and allowed the entire complaint to proceed in the probate division. The court rejected the defendants' contention that the will contest proceeding was sufficient to protect the parties' expectancies because, even if the plaintiffs had prevailed in a will contest proceeding, it would not have provided them the relief which they were seeking. *Jeziorski*, 162 Ill. App. 3d at 1063. Similarly, in the case at bar, had Shriners filed a timely will contest, it would not have provided a remedy for the alleged *inter vivos* transfers.

Accordingly, we find that section 8—1 does not apply to the tort action filed by Shriners against Bauman. We

emphasize that our holding applies to the particular parties under the circumstances of this case and does not extend to a plaintiff who fails to bring a tort claim within the period for filing a will contest, where the will contest remedy was available.

## CONCLUSION

For the foregoing reasons, we reverse the judgments of the appellate court and the circuit court and remand the cause to the circuit court for further proceedings consistent with this opinion.

*Reversed and remanded.*