# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**Bjork v. O'Meara, 2012 IL App (1st) 111617**

---

| | |
|---|---|
| Appellate Court Caption | COLLEEN BJORK, Plaintiff-Appellant, v. FRANK P. O'MEARA, Defendant-Appellee. |
| District & No. | First District, Third Division<br>Docket No. 1-11-1617 |
| Filed | January 11, 2012 |
| Rehearing denied | February 15, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court properly dismissed as untimely plaintiff's complaint alleging that defendant, as the independent representative of decedent's estate, tortiously interfered with plaintiff's testamentary expectancy of being named as the pay-on-death beneficiary of a bank account, since the six-month statute of limitations for a will contest in section 8-1 of the Probate Act applied to plaintiff's complaint and the complaint was filed more than six months after decedent's will was admitted to probate. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-L-11857; the Hon. Michael R. Panter, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Kurt J. LeVitus, of LeVitus Law Offices, of Chicago, for appellant.

Kris Daniel, of Chicago, for appellee.

Panel

JUSTICE MURPHY delivered the judgment of the court, with opinion.
Presiding Justice Steele and Justice Salone concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff, Colleen Bjork, appeals from an order of the circuit court of Cook County dismissing her complaint against defendant, Frank P. O'Meara. On appeal, plaintiff contends that the circuit court erred in applying the statute of limitations for a will contest to her complaint and dismissing it as untimely. For the reasons that follow, we affirm.

¶ 2                                   BACKGROUND

¶ 3    Frank J. Dama passed away on February 18, 2009, and the entirety of his estate was then distributed to defendant and his wife pursuant to his will. On February 24, 2009, defendant filed Dama's will with the clerk of the circuit court of Cook County. Plaintiff's counsel then entered his appearance on plaintiff's behalf and defendant filed a petition for probate of will and for letters testamentary. On April 16, 2009, the circuit court entered an order admitting the will to probate and appointing defendant as the independent representative of Dama's estate. In May and June 2009, plaintiff filed petitions for the issuance of citations to discover information and recover property to The Northern Trust Company (Northern Trust). Plaintiff asserted that defendant considered the assets contained in a Northern Trust bank account as belonging to the estate and that she was the rightful owner of such assets. On July 14, 2009, the court entered an order allowing the issuance of a citation for discovery of information to Northern Trust, which then provided plaintiff with numerous requested documents. On October 16, 2009, plaintiff filed a petition for leave to depose Mary Williams, a Northern Trust employee, in furtherance of the discovery citation, and the court denied that petition. Plaintiff filed a motion to reconsider and clarify the denial of her petition, and the court denied her motion. On April 2, 2010, defendant filed a final report as independent representative of Dama's estate and the court entered an order discharging him from his role as independent representative and closing the estate.

¶ 4    On October 15, 2010, plaintiff filed a complaint against defendant for tortious interference with a testamentary expectancy in which she asserted that Dama had planned to name her as the pay-on-death beneficiary of a Northern Trust bank account. Plaintiff alleged that defendant had interfered with Dama's plan to do so by fraud, undue influence, misrepresentation, or other tortious means, that he had benefitted from his tortious conduct

-2-

where the proceeds of the account were distributed to him and his wife pursuant to Dama's will, and that she would have been named the beneficiary of the account if not for defendant's wrongdoing. Plaintiff requested the court enter judgment in her favor in an amount equal to $566,695.52, plus interest, and award her attorney fees and expenses.

¶ 5    On December 3, 2010, defendant filed a motion to dismiss plaintiff's complaint asserting, *inter alia*, that her action was untimely where it was not commenced within the six-month statute of limitations for a will contest set forth in section 8-1 of the Probate Act of 1975 (Probate Act) (755 ILCS 5/8-1 (West 2008)). Defendant maintained that Dama's will was admitted to probate on April 16, 2009, and that plaintiff was therefore required to file a will contest or tort claim by October 16, 2009, but did not do so. Plaintiff responded that her complaint was not subject to section 8-1 of the Probate Act because she had alleged a tort claim against defendant and was not contesting the validity of Dama's will. On May 31, 2011, the circuit court granted defendant's motion to dismiss, finding that plaintiff's action was untimely where she participated in the probate proceedings but did not contest the will and failed to file her claim until well after the six-month statute of limitations had run. Plaintiff now appeals from that order.

¶ 6                                          ANALYSIS

¶ 7    Plaintiff contends that the circuit court erred in granting defendant's motion to dismiss because section 8-1 of the Probate Act does not apply to her complaint. In ruling on a motion to dismiss, a court must interpret all pleadings and supporting documents in the light most favorable to the nonmoving party, and this court will review the grant of such a motion *de novo*. *Porter v. Decatur Memorial Hospital*, 227 Ill. 2d 343, 352 (2008).

¶ 8    Pursuant to section 8-1 of the Probate Act, an individual must file a petition to contest the validity of a will within six months of the date on which the will is admitted to probate. 755 ILCS 5/8-1 (West 2008). Although a tort action for interference with a testamentary expectancy is distinct from a petition to contest the validity of a will in several important respects, Illinois courts have applied the six-month statute of limitation set forth in section 8-1 of the Probate Act to such tort claims in certain circumstances. *In re Estate of Ellis*, 236 Ill. 2d 45, 51-53 (2009).

¶ 9    In *Robinson v. First State Bank of Monticello*, 97 Ill. 2d 174, 186 (1983), our supreme court held that the circuit court correctly dismissed the plaintiffs' claim for tortious interference with their testamentary expectancy where it was not filed within the six-month limitation period for a will contest. In doing so, the court determined that the validity of the will at issue had been established where it was not contested in a timely will contest and that the plaintiffs' claim was based on the assertion that the decedent's estate should pass to them through intestacy because her will was the product of the defendant's fraud and undue influence and therefore invalid. *Id.* at 182-84. The court held that the purpose of section 8-1 of the Probate Act was "to limit the time within which the validity of a will may be questioned and to create stability in the administration of estates" and that allowing the plaintiffs to maintain their tort action would defeat that purpose because they would then be provided with a second opportunity to challenge the validity of the will. *Id.* at 185. The court

also clarified:

> "[W]e believe that section 8-1 was enacted in an attempt to make the administration of an estate as orderly as possible because of the gravity of the interests at stake; we therefore refuse to have section 8-1 circumvented by allowing the plaintiffs in this case to maintain a tort action which in its practical effect would invalidate a will that has become valid under the Probate Act of 1975." *Id.* at 186.

¶ 10    In *In re Estate of Ellis*, 236 Ill. 2d 45, the plaintiff alleged that the defendant interfered with its inheritance expectancy by unduly influencing the decedent to provide him with numerous gifts and to execute a new will naming him as the sole beneficiary and heir. The court held that the plaintiff's tort claim was not subject to the six-month limitation period set forth in section 8-1 because it did not know that it was a beneficiary of the decedent's previous will until more than two years after the final will had been admitted to probate and a successful will contest would not have furnished it with the relief sought in its complaint. *Id.* at 54-56.

¶ 11    In doing so, the court noted that "[t]he concern articulated in *Robinson* about the 'practical effect' of allowing the plaintiffs to maintain the tort action must be read in the context of the facts of that case," and that unlike the plaintiff in *Ellis*, "the plaintiffs in *Robinson* could have obtained complete relief had they filed a timely will contest." *Id.* at 54. The court determined that "[i]n the instant case, we cannot say that a will contest was 'available' to [the plaintiff], nor that a successful will contest would have furnished the relief sought by [the plaintiff] in its tort action." *Id.* The court explained that unlike in *Robinson* where the plaintiffs chose not to contest the will, the plaintiff in *Ellis* never had the opportunity to contest the will because it was unaware of its bequest in the previous will until well after the final will had been admitted to probate. *Id.* The court further explained that a successful will contest would not have provided the plaintiff with sufficient relief because it could have only recovered assets that were part of the decedent's estate and could not have reached the gifts given to the defendant during the decedent's lifetime. *Id.* at 56. In conclusion, the court emphasized "that our holding applies to the particular parties under the circumstances of this case and does not extend to a plaintiff who fails to bring a tort claim within the period for filing a will contest, where the will contest remedy was available." *Id.* at 56-57.

¶ 12    Plaintiff asserts that the supreme court's holding in *Ellis* controls the outcome of this appeal and directs that her complaint is not subject to section 8-1 of the Probate Act because she is not contesting the validity of Dama's will and its invalidation would not provide her with adequate relief. Defendant responds that this case is distinguishable from *Ellis* because plaintiff could have filed her claim within the six-month limitation period and there were sufficient assets in Dama's estate to provide her with the relief sought. As the holding in *Ellis* does not apply to a plaintiff who fails to bring a tort claim within the limitation period set forth in section 8-1 when the will contest remedy was "available" (*id.*) and plaintiff did not file her complaint within six months of the date on which Dama's will was admitted to probate, *Ellis* will not apply in this case if the will contest remedy was "available" to plaintiff.

¶ 13    There is no dispute that plaintiff could have filed her complaint within the six-month will contest limitation period where she was aware of the probate proceedings as to Dama's will and participated in them. See *In re Estate of Jeziorski*, 162 Ill. App. 3d 1057, 1064 (1987) (plaintiffs need not exhaust their probate remedies before bringing an action in tort). However, it is also clear that a timely and successful will contest would not have provided plaintiff with the relief she is seeking because she has no claim to the bank account at issue pursuant to rules of intestacy or a bequest in a previous will and the invalidation of Dama's final will would grant her no such rights. Thus, this court must decide whether the will contest remedy was "available" to plaintiff because she could have filed her tort claim within the six-month limitation period or whether it was not "available" to plaintiff because a successful will contest could not have provided her with sufficient relief.

¶ 14    In *Ellis*, 236 Ill. 2d at 54, the court initially found *Robinson* to be distinguishable because the plaintiffs in that case could have obtained complete relief had they filed a timely will contest, but had instead agreed not to do so as part of a settlement agreement with the estate. The court then explained in the next sentence that "[i]n the instant case, we cannot say that a will contest was 'available' to [the plaintiff], nor that a successful will contest would have furnished the relief sought by [the plaintiff] in its tort action." *Id.* Over the remainder of that paragraph and the whole of the ensuing paragraph, the court considered the fact that the plaintiff was not aware of its expectancy under the earlier will or the defendant's conduct until after the limitation period had run and determined that the plaintiff did not have a fair opportunity to pursue "a remedy" in probate. *Id.* at 54-56. Over the following two paragraphs, the court determined that a timely will contest would not have provided the plaintiff with sufficient relief because it could have only recovered assets that were part of the decedent's estate. *Id.* at 56.

¶ 15    Thus, the court addressed the issue of the availability of a will contest remedy separately from the issue of whether a will contest would provide the plaintiff with sufficient relief and considered the plaintiff's ability to pursue "a remedy" during probate in determining that a will contest was not "available." As such, pursuant to *Ellis*, a will contest remedy is "available" to a plaintiff where she has the opportunity to obtain sufficient relief in probate by a will contest or a tort claim.

¶ 16    In this case, the parties do not dispute that plaintiff could have filed her complaint within the six-month will contest limitation period where she was aware of the probate proceedings as to Dama's will and participated in them. In addition, plaintiff could have obtained the relief she is seeking by bringing a successful tort claim while Dama's will was in probate where the bank account at issue was part of the estate. Thus, the will contest remedy was "available" to plaintiff and the holding in *Ellis* does not apply to this case because plaintiff had the opportunity to obtain sufficient relief in probate by filing her tort claim within the six-month limitation period for a will contest, but failed to do so.

¶ 17    We therefore conclude that the six-month limitation period set forth in section 8-1 of the Probate Act applies to plaintiff's complaint and that the circuit court did not err in dismissing her complaint as untimely. As stated earlier, the purpose of section 8-1 of the Probate Act is "to limit the time within which the validity of a will may be questioned and to create stability in the administration of estates." *Robinson*, 97 Ill. 2d at 185. In addition, a plaintiff

will not be allowed to circumvent section 8-1 by maintaining a tort action that would have the practical effect of invalidating a will that has become valid. *Id.* at 186. In this case, the validity of Dama's will was established under the Probate Act where it was not contested during the six-month time period provided in section 8-1 (*Fitch v. McDermott, Will & Emery, LLP*, 401 Ill. App. 3d 1006, 1019 (2010)) and the entirety of Dama's estate was distributed to defendant and his wife pursuant to that will. Thus, plaintiff's tort claim would have the practical effect of invalidating that portion of Dama's will granting the bank account at issue to defendant.

¶ 18                                   CONCLUSION
¶ 19        Accordingly, we affirm the judgment of the circuit court of Cook County.

¶ 20        Affirmed.