2016 IL App (4th) 150728

NO. 4-15-0728

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| HAROLD MILLER, | ) | Appeal from |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Coles County |
| SARAH BUSH LINCOLN HEALTH CENTER and | ) | No. 11L43 |
| CURTIS GREEN, D.O., | ) | |
| Defendants-Appellees. | ) | Honorable |
| | ) | Brien J. O'Brien, |
| | ) | Judge Presiding. |

---

JUSTICE POPE delivered the judgment of the court, with opinion.
Justices Steigmann and Appleton concurred in the judgment and opinion.

## OPINION

¶ 1        On June 29, 2015, a jury returned a verdict in plaintiff Harold Miller's favor in his medical malpractice action against defendants, Dr. Curtis Green, D.O., and Sarah Bush Lincoln Health Center. The jury awarded plaintiff $638,347.91, with $133,347.91 itemized for medical expenses. On July 17, 2015, defendants filed a motion to enter judgment and reduce the jury's verdict by $91,724.03 pursuant to section 2-1205 of the Code of Civil Procedure (Procedure Code) (735 ILCS 5/2-1205 (West 2014)). On August 3, 2015, the trial court granted defendants' motion and reduced the jury's verdict by $91,724.03. Plaintiff appeals, arguing the trial court erred in reducing the judgment by $91,724.03. We reverse the trial court's order reducing the verdict in this case and remand with directions for the trial court to reinstate the jury's verdict without any reduction.

¶ 2                           I. BACKGROUND

¶ 3        What occurred before the jury's verdict in this case is not relevant for purposes of this appeal, so we provide no background with regard to the trial other than to note plaintiff's claim alleged medical malpractice.  As previously stated, the jury returned a verdict in plaintiff's favor in the amount of $638,347.91.  Of that amount, the jury itemized $133,347.91 for medical expenses.

¶ 4        On July 17, 2015, defendants filed a motion to enter judgment and reduce medical expenses pursuant to section 2-1205 of the Procedure Code (*id.*).  According to the motion, "Because the medical bills awarded by the jury in its verdict total $133,347.91, and because there is no right of subrogation or recoupment for the portion of these bills equal to $91,724.03, Defendants request that judgement [*sic*] be entered on the verdict, with a set-off in that amount."

¶ 5        The trial court held a hearing on the motion on August 3, 2015.  Citing *Perkey v. Portes-Jarol*, 2013 IL App (2d) 120470, 1 N.E.3d 5, defendants argued $91,724.03 of the verdict should be set aside pursuant to section 2-1205 of the Procedure Code (735 ILCS 5/2-1205 (West 2014)) because no one had a right to recoup money for the awarded medical expenses.  After hearing the parties' arguments, the trial court reduced the jury's verdict by $91,724.03.

¶ 6        This appeal followed.

¶ 7                              II. ANALYSIS

¶ 8        At issue in this appeal is whether the trial court correctly interpreted section 2-1205 of the Procedure Code (*id.*), which states:

> "Reduction in amount of recovery. An amount equal to the sum of
> (i) 50% of the benefits provided for lost wages or private or
> governmental disability income programs, which have been paid,
> or which have become payable to the injured person by any other

person, corporation, insurance company or fund in relation to a particular injury, and (ii) 100% of the benefits provided for medical charges, hospital charges, or nursing or caretaking charges, which have been paid, or *which* have become payable to the injured person by any other person, corporation, insurance company or fund in relation to a particular injury, shall be deducted from any judgment in an action to recover for that injury based on an allegation of negligence or other wrongful act, not including intentional torts, on the part of a licensed hospital or physician; provided, however, that:

(1) Application is made within 30 days to reduce the judgment;

(2) Such reduction shall not apply to the extent that there is a right of recoupment through subrogation, trust agreement, lien, or otherwise;

(3) The reduction shall not reduce the judgment by more than 50% of the total amount of the judgment entered on the verdict;

(4) The damages awarded shall be increased by the amount of any insurance premiums or the direct costs paid by the plaintiff for such benefits in the 2 years prior to plaintiff's injury or death or to be paid by the plaintiff in the future for such benefits; and

(5) There shall be no reduction for charges paid for medical expenses which were directly attributable to the adjudged negligent acts or omissions of the defendants found liable."  (Emphasis added.)

Plaintiff puts forth a number of arguments why the trial court erred in reducing by $91,724.03 the jury's award for medical expenses pursuant to section 2-1205.  According to plaintiff, this amount of money was not paid by anyone.  Instead, the medical care providers "wrote off" this amount from plaintiff's bills.  We must determine whether the legislature intended section 2-1205 to allow verdicts to be reduced by the amount of medical bills written off by health care providers.  Because this case involves a question of statutory interpretation, we apply a *de novo* standard of review.  *Mashal v. City of Chicago*, 2012 IL 112341, ¶ 21, 981 N.E.2d 951.

¶ 9        Plaintiff first argues section 2-1205 of the Procedure Code is in "derogation of the common law" collateral source rule.  He contends we should strictly construe the statute without extending it any further than the statutory language requires.  *In re W.W.*, 97 Ill. 2d 53, 57, 454 N.E.2d 207, 209 (1983).  However, section 1-106 of the Procedure Code states:

"This Act shall be liberally construed, to the end that controversies may be speedily and finally determined according to the substantive rights of the parties.  The rule that statutes in derogation of the common law must be strictly construed does not apply to this Act or to the rules made in relation thereto."  735 ILCS 5/1-106 (West 2014).

Considering the plain language of section 1-106, plaintiff's argument on this point is not tenable.

¶ 10     The cardinal rule of statutory interpretation is to determine and give effect to the intent of the legislature. *In re E.B.*, 231 Ill. 2d 459, 466, 899 N.E.2d 218, 222 (2008).  The language of the statute is the best indicator of legislative intent and the language is to be given its plain and ordinary meaning.  *Id.*  "Where the statutory language is clear and unambiguous, it must be applied as written, without resort to other tools of statutory construction." *In re Estate of Ellis*, 236 Ill. 2d 45, 51, 923 N.E.2d 237, 240 (2009).  "[A] court should not attempt to read a statute other than in the manner in which it was written."  (Internal quotation marks omitted.) *Rosewood Care Center, Inc. v. Caterpillar, Inc.*, 226 Ill. 2d 559, 567, 877 N.E.2d 1091, 1096 (2007).

¶ 11     Plaintiff argues section 2-1205:

"only provides that defendants are entitled to a reduction for 100% of the benefits 'which have been paid or have become payable to the injured person.'  In this case, there is no evidence that Plaintiff was paid anything by Medicare or Blue Cross Blue Shield to reimburse him for his medical expenses.  The most that can be ascertained from looking at the record is that Plaintiff's medical bills were paid by two methods, (i) direct payments from Medicare and Blue Cross Blue Shield to Plaintiff's medical providers and (ii) direct payments by Plaintiff to the providers.  The medical bills do not show that any payments were made by the providers, Medicare, or Blue Cross Blue Shield, to reimburse the Plaintiff for medical bills that he paid."

However, plaintiff does not accurately quote the statute. Section 2-1205 reads the benefits provided, "which have been paid, or which have become payable to the injured person by any other person, corporation, insurance company or fund in relation to a particular injury." 735 ILCS 5/2-1205 (West 2014). The plain language of the statute shows the reduction of a judgment is not limited to benefits paid directly to plaintiff. A judgment can be reduced by the amount of benefits paid directly to the medical care provider. In addition, a judgment may be reduced by the benefits "which have become payable to the injured person by any other person, corporation, insurance company or fund in relation to a particular injury." *Id.*

¶ 12    Plaintiff's view would require us to interpret section 2-1205 in a manner other than the manner in which it was written, which we will not do. *Rosewood Care Center*, 226 Ill. 2d at 567, 877 N.E.2d at 1096. Further, plaintiff's interpretation would make the comma following "paid" and the word "which" in the statute needless surplusage. Interpreting a statute in a manner that makes terms surplusage is not favored. *Bonaguro v. County Officers Electoral Board*, 158 Ill. 2d 391, 397, 634 N.E.2d 712, 715 (1994).

¶ 13    In the alternative, plaintiff argues, even if defendants can reduce a judgment by the amount of benefits paid directly to the medical providers, the judgment can only be reduced by the amount of money actually paid and then only if the payor has no right of recoupment. In this case, defendants stipulated Blue Cross Blue Shield and Medicare paid $35,747.88 to plaintiff's medical providers to satisfy plaintiff's medical expenses. However, Blue Cross Blue Shield and Medicare have the right to recoup this money from plaintiff's judgment. Consequently, no reduction for this amount is permitted.

¶ 14    Under section 2-1205(2) of the Procedure Code (735 ILCS 5/2-1205(2) (West 2014)), a judgment cannot be reduced by an amount subject to recoupment. The trial court

correctly refused to reduce the judgment by this amount. However, the following question still remains: because the jury awarded plaintiff medical expenses in the amount billed by his medical providers, should defendants be able to reduce the judgment by the amount written off by the medical providers, which was never paid by anyone?

¶ 15 As stated earlier, plaintiff argues the payment of a discounted bill does not entitle a defendant to reduce the judgment by the original billed amount because the difference was never paid. According to plaintiff:

"The trial court's ruling was premised upon a misapplication of the term 'benefit' as used in [s]ection 2-1205. In adopting the application urged by Defendants, the trial court found that the benefit provided to plaintiff for medical charges was the total award, or $133,347.91. This is not correct. The 'benefit' is what the collateral source pays on behalf of the injured person— not what the jury awards. See, *e.g.*, *Bernier v. Burris*, 113 Ill. 2d 219, 242 (1986) (explaining that [s]ection 2-1205 modifies the collateral source rule by allowing reductions for 'sums' received from collateral sources). Quite simply, the 'sum … of benefits provided …which have been paid …' here was $35,747.88—not $133,347.91. And because Medicare and Blue Cross Blue [S]hield have an undisputed right to recoupment, the trial court erred in reducing the judgment."

In other words, according to plaintiff, the amount of the difference between the amount billed and the amount paid does not fall within the plain language of section 2-1205. Therefore, defendants were not entitled to a reduction of the judgment.

¶ 16 According to the Illinois Trial Lawyers Association, which filed an *amicus* brief in this case, the plain language of section 2-1205:

> "clearly require[s] that for a reduction to apply, there must be benefits '*** which were either paid, or payable to the injured person' by another person or entity. A 'write-off' by the medical provider entitled to payment, is the antithesis of a payment by definition. It is not payable to anyone, least of all to the injured person."

We agree on this point. The statute does not allow a verdict to be reduced by the amount of the bills which have been satisfied or the value of the benefit to the plaintiff. Instead, it only allows a verdict to be reduced by the amount paid to the medical providers or payable to the plaintiff.

¶ 17 According to the Illinois Association of Trial Defense Counsel (IATDC), which also filed an *amicus* brief in this case:

> "The statutory language [of section 2-1205] was intended to modify the collateral source rule by allowing a reduction for all of the same benefits that were included in the common law collateral source rule. This includes not only monetary payments made by insurance carriers and Medicare but also amounts that are 'written-off' of bills pursuant to contractual agreements or federal law (Medicare)."

The plain language of the statute does not support this argument. The plain language of section 2-1205 shows it was only intended to apply if the benefits were paid to the medical providers or had become payable to the plaintiff—and then only if other limitations do not apply. 735 ILCS 5/2-1205 (2014). The amount the medical providers wrote off from their original bills was never paid by anyone, and the amount certainly had not become payable to the plaintiff. IATDC's argument asks this court to ignore the restrictive language, "which have been paid, or which have become payable to the injured person." 735 ILCS 5/2-1205 (West 2014). As stated earlier, we will not read language out of a statute in determining its meaning. *Bonaguro*, 158 Ill. 2d at 397, 634 N.E.2d at 715.

¶ 18         The trial court relied on *Perkey* in concluding the portion of the medical bills which were written off could be deducted from the judgment pursuant to section 2-1205 of the Procedure Code (735 ILCS 5/2-1205 (West 2014)). The jury in *Perkey* awarded the plaintiff $310,000 for the reasonable cost of medical care and services. *Perkey*, 2013 IL App (2d) 120470, ¶ 79, 1 N.E.3d 5. Defendants sought a reduction in the judgment for the medical expenses. *Id.* ¶ 80.

¶ 19         The plaintiff provided a letter to the trial court from Blue Cross Blue Shield of Illinois stating it had paid $134,933.85 in total medical benefits and had a right to be reimbursed from any award the plaintiff received. *Id.* ¶ 81. Defendants then amended their request and asked for a reduction of $175,066.15, which was the difference between the medical portion of the judgment and the amount upon which BlueCross Blue Shield had subrogation rights (*i.e.*, $310,000 -$134,933.85). *Id.* ¶ 82. The plaintiff argued "the right of recoupment" barred the reduction of the medical award. *Id.* ¶ 83. The trial court agreed and denied defendants' request

to reduce the judgment pursuant to section 2-1205, finding the statute barred any reduction where a right of reimbursement existed.  *Id.* ¶ 110.

¶ 20        On appeal, the defendants argued the plain language of the statute did not support the trial court's interpretation.  *Id.*  The Second District agreed, stating:

> "Plaintiff's interpretation [of section 2-1205] ignores the 'to the
> extent that' language, rendering the phrase superfluous ***.
> [Citation.]  Moreover, plaintiff's interpretation, which would
> disallow any reduction even if the insurer had a right to recoup one
> cent, runs counter to section 2-1205's purpose of reducing the costs
> of medical malpractice actions by eliminating duplicative
> recoveries."  *Id.* ¶ 112.

The Second District reduced the judgment by $175,066.15—the amount written off by the medical providers.  *Id*. ¶ 120.

¶ 21        We choose not to follow the Second District's opinion because the arguments made in *Perkey* are different than the arguments raised in this appeal.  The Second District did not analyze whether bills written off by medical providers qualify as benefits paid to medical providers or payable to the plaintiff.  The Second District dealt only with whether the right to recoupment prevented a reduction in the judgment.  Because the plain language of section 2-1205 of the Procedure Code (735 ILCS 5/2-1205 (West 2014)) does not allow for a defendant to reduce a judgment by an amount that was neither paid to medical providers nor payable to the plaintiff, the trial court erred in reducing the judgment in this case.

¶ 22                        III. CONCLUSION

- 10 -

¶ 23    For the reasons stated, we reverse the trial court's order granting defendants' motion to reduce the jury's verdict by $91,724.03 and remand for the trial court to reinstate the jury's verdict without any reduction.

¶ 24    Reversed and remanded with directions.