**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 200039

Order filed April 12, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| *In re* ESTATE OF MARY V. LINDER, | ) | Appeal from the Circuit Court |
| | ) | of the 10th Judicial Circuit, |
| Deceased | ) | Tazewell County, Illinois, |
| | ) | |
| (David W. Linder, | ) | |
| | ) | |
| Plaintiff-Appellant | ) | |
| | ) | |
| v. | ) | |
| | ) | Appeal No. 3-20-0039 |
| Millikin University, | ) | Circuit No. 16-P-326 |
| | ) | |
| Defendant/Intervenor-Appellee, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| James Warning, Independent Executor of | ) | |
| the Estate of Mary V. Linder, Deceased, | ) | Honorable |
| | ) | Daniel M. Cordis, |
| Defendant-Appellee). | ) | Judge, Presiding. |

JUSTICE LYTTON delivered the judgment of the court.
Justices Daugherity and Wright concurred in the judgment.

**ORDER**

¶ 1     *Held*:  Trial court properly dismissed complaint alleging intentional interference with inheritance expectancy under section 2-619(a)(5) of the Code of Civil Procedure

where plaintiff failed to file his claim within six months of the admission of the will to probate and failed to establish special circumstances for equitable tolling.

¶ 2    Plaintiff, David W. Linder, appeals from an order of the circuit court dismissing with prejudice his claim for intentional interference with expectancy of inheritance against the residuary beneficiary of the estate of Mary V. Linder, Millikin University. The trial court dismissed the complaint on timeliness grounds, finding that the tort complaint was an action contesting the validity of the will that plaintiff failed to file within six months of the admission of the will to probate. We affirm.

¶ 3                                          I. BACKGROUND

¶ 4    Mary Linder died in October 2016, leaving two children, David Linder and Judith Holder, and two grandchildren, Justin Holder and Megan (Holder) Hinrichsen, as heirs and legatees of an estate worth more than $5 million. In her last will and testament, executed in July 2016, Mary made several bequests of personal property and cash gifts to friends, family, and charitable organizations. She bequeathed all of her household goods, personal effects, and other tangible property to Judith, Justin, and Megan, in equal shares. She gave all of her farm real estate to her grandchildren, Justin and Megan, and bequeathed the residue of her estate to Millikin University. She also left $500,000 in trust for the use and benefit of David. Upon David's death, the will directed that any remaining trust principal and income be distributed to Millikin.

¶ 5    Mary's will was admitted to probate and letters of office were issued to James Warning, as independent executor, on November 8, 2016 (In re Estate of Mary V. Linder, No 16-P-326 (Cir. Ct. Tazewell County)). Warning mailed the required statutory notice to David on November 21, 2016, with a copy of the order admitting the will to probate.

¶ 6    On January 4, 2018, David filed a complaint at law against Millikin (Linder v. Millikin University, No. 18-L-1 (Cir. Ct. Tazewell County)), seeking damages based on the university's

2

alleged tortious interference with his testamentary expectancy. He claimed that Millikin exerted undue influence over Mary by making fraudulent representations and taking advantage of her frail condition.

¶ 7 Millikin moved to strike and dismiss the complaint pursuant to sections 2-615 and 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615, 2-619 (West 2018)). The trial court granted Millikin's motion and dismissed the case with prejudice.

¶ 8 David simultaneously filed a motion to reconsider and a notice of appeal. On appeal, Millikin filed a motion to dismiss, citing the pending motion to reconsider in the trial court. We granted the motion and dismissed the appeal on September 11, 2018. *Linder v. Millikin University*, No. 3-18-0482 (2018) (unpublished minute order). On September 21, 2018, the trial court denied David's motion to reconsider. David did not refile an appeal of the order dismissing his complaint in case No. 18-L-1.

¶ 9 On November 6, 2018, David filed a "Complaint for Damages" in the probate case (No. 16-P-326) naming Millikin as the defendant. The complaint sought to eliminate Millikin as the residuary legatee under Mary's will based on allegations of tortious interference with David's testamentary expectancy interest. It alleged that Millikin's agents made false promises and intentionally misled Mary to convince her to bequeath the residue of her estate to the university. It further alleged that, "[s]hould Plaintiff prevail, and succeed in eliminating Millikin as a legatee, the Linder estate will have been equally distributed between David and Judith, the two rightful heirs to the estate." The complaint requested that the court declare Millikin "ineligible as a beneficiary in the estate of Mary V. Linder."

¶ 10 David also filed a "Motion for Equitable Tolling" to challenge Millikin as a legitimate legatee, asking the court to toll the six-month period for filing a will contest. In his affidavit

3

attached to the motion David averred that he was currently residing in the Pekin Federal Correctional Institute, serving a sentence since 2004, and that the university's gift should be revoked because it was "ill-gotten."

¶ 11 The estate, through its independent executor, filed a combined motion to dismiss pursuant to sections 2-615 and 2-619 of the Code. Specifically, the estate sought dismissal of the complaint under section 2-619 on the basis of timeliness, claiming, in part, that David's tort claim was time-barred under *Robinson v. First State Bank of Monticello*, 97 Ill. 2d 174 (1983).

¶ 12 In an order entered August 29, 2019, the trial court denied the estate's motion to dismiss under section 2-619 but granted the motion under section 2-615. The court ruled that David's complaint was not time-barred under section 2-619(a)(5), holding:

"Prior case law provided a tort action for intentional interference with inheritance must be filed within the six-month period from the date of the admission of the will into probate [citation]. *Robinson v. First State Bank*, 97 Ill. 2d 174 (1983). However, the Illinois Supreme Court later held that the appropriate statute of limitations for an action based upon intentional interference with an expected inheritance was two years, i.e. the tort statute and not the will contest limitation. *In re the* [*sic*] *Estate of Ellis*, 236 Ill. 2d 45 (2009)."

Based on the court's interpretation of *Robinson* and *In re Estate of Ellis*, it determined that David's tort claim was timely filed under the two-year statute of limitations. The court continued, however, and concluded that David's complaint failed to state a claim for intentional interference with inheritance expectancy, finding the claim was "wholly deficient" of factual allegations that supported the cause of action and dismissing the complaint under section 2-615.

¶ 13 The estate filed a motion to reconsider, asking the trial court to reverse the denial of the motion pursuant to section 2-619. In its motion, the estate asserted that *res judicata* applied because

4

the complaint raised the same issues previously litigated in the complaint at law against Millikin in case No. 18-L-1. In support of the estate's motion, Millikin petitioned to intervene as a legatee under Mary's will.

¶ 14    Prior to hearing Millikin's petition to intervene, the trial judge assigned to the case retired and the cause was reassigned to a new judge. The new trial judge granted Millikin's request to intervene and gave the university leave to file a response in support of the estate's motion to reconsider.

¶ 15    Millikin filed a response and argued, among other things, that the court misapplied *Robinson* and its progeny. Millikin argued that *Robinson* was still good law and that, because David was in effect contesting the validity of the will, his claim should be governed by the six-month period allowed under the Probate Act of 1975 (Probate Act) (755 ILCS 5/8-1(a) (West 2018)).

¶ 16    Following a hearing, the trial court granted defendants' motion to reconsider as to that portion of the August 29 order that relied on *Ellis* and dismissed David's complaint for damages. The court determined that the tort action was, in reality, a will contest and because David failed to file his complaint within six months after the will was admitted to probate, the circuit court lacked jurisdiction to adjudicate the claim.

¶ 17    David appeals the trial court's order granting the motion to reconsider and dismissing his complaint pursuant to section 2-619(a)(5).

¶ 18                                II. ANALYSIS

¶ 19    The sole issue on appeal is the timeliness of David's tort claim. He asserts that his complaint for damages is based on the common law tort of intentional inference with expectancy

5

of inheritance and is therefore governed by the two-year statute of limitations. In the alternative, he claims that equitable tolling of the six-month filing period should apply.

¶ 20    Section 8-1 of the Probate Act provides:

"(a) Within 6 months after the admission to probate of a domestic will \*\*\*, any interested person may file a petition in the proceeding for the administration of the testator's estate or, if no proceeding is pending, in the court in which the will was admitted to probate, to contest the validity of the will." 755 ILCS 5/8-1(a) (West 2018).

¶ 21    The six-month limitation period set forth in section 8-1(a) is a jurisdictional requirement. *In re Estate of Ellis*, 236 Ill. 2d 45, 50 (2009). The right to contest the validity of a will is purely statutory and therefore must be exercised in the manner and within the time prescribed by the Probate Act. *In re Estate of Mohr*, 357 Ill. App. 3d 1011, 1013 (2005). If a petitioner fails to contest the will within the six-month statutory limitation, the validity of the will cannot be challenged. *Robinson*, 97 Ill. 2d at 182-83; see also *Estate of Mohr*, 357 Ill. App. 3d at 1014 (without compliance with the filing period, the circuit court loses jurisdiction to hear the will contest).

¶ 22    An action contesting a will is an action against the will itself. *Merrick v. Continental Illinois National Bank & Trust Co.*, 10 Ill. App. 3d 104, 114 (1973). The goal of a will contest proceeding is not to secure a personal judgment against an individual but to set aside a will and redistribute the testamentary property bequeathed in it. *In re Estate of Spaits*, 104 Ill. 2d 431, 435-36 (1984). By contrast, "[a] tort action for intentional interference with inheritance is distinct from a petition to contest the validity of a will." *Estate of Ellis*, 236 Ill. 2d at 51. It is a personal action against an individual tortfeasor that does not contest the validity of the will, but instead seeks an *in personam* judgment against the defendant. *Id.* at 52. The remedy for a tortious interference of inheritance action is not the setting aside of the will but a judgment against the named defendant. *Id.*

6

¶ 23    In *Robinson*, the Illinois Supreme Court ruled that the trial court correctly dismissed a tort action for intentional interference with inheritance where the plaintiffs failed to file a will contest within six months following the admission of the will to probate. *Robinson*, 97 Ill. 2d at 186. The court held that where the will had been admitted to probate and where the plaintiffs were aware of the probate proceedings but chose not to contest the validity of the will within the statutory time required, it would not recognize a tortious interference claim. *Id.* at 185-86. In conclusion, the court emphasized:

> "We wish to make it clear that we believe that section 8-1 [of the Probate Act] was enacted in an attempt to make the administration of an estate as orderly as possible because of the gravity of the interests at stake; we therefore refuse to have section 8-1 circumvented by allowing the plaintiffs in this case to maintain a tort action which in its practical effect would invalidate a will that has become valid under the Probate Act of 1975." *Id.*

¶ 24    Since *Robinson*, our supreme court has permitted tort claims for intentional interference with an inheritance expectancy in limited circumstances where the plaintiff was prevented from challenging the validity of the will or was denied a meaningful remedy in the probate proceedings. See *Estate of Ellis*, 236 Ill. 2d at 56; *Bjork v. O'Meara*, 2013 IL 114044, ¶ 31. In *Estate of Ellis*, the plaintiff, a charitable hospital, did not file a will contest within the time required because it was unaware that it was a named beneficiary. Defendant's fraudulent conduct prevented the hospital from discovering its interest sooner and contesting the will within the statutory six-month period. The supreme court allowed the plaintiff's tort claim to proceed and held that dismissal based on timeliness was inappropriate because the plaintiff never had the opportunity to challenge the validity of the will in the probate proceeding. *Estate of Ellis*, 236 Ill. 2d at 56-57. The *Ellis* court

7

distinguished the circumstances in *Robinson*, where the plaintiff chose not to contest the will, and expressly limited its holding to the facts before it:

> "We emphasize that our holding applies to the particular parties under the circumstances of this case and does not extend to a plaintiff who fails to bring a tort claim within the period for filing a will contest, where the will contest remedy was available." *Id.*

¶ 25    Here, David's tort claim sought to invalidate Mary's will and distribute the assets of her estate equally to her surviving children. He claimed that Mary intended to leave the *res* of her estate to David and Judith, not Millikin. Although he based his allegations on undue influence, David essentially challenged the will's validity and Millikin's eligibility as a residual beneficiary. Under section 8-1(a) of the Probate Act, any claims attacking the validly of a will, including undue influence, must be filed within six months of the will being admitted to probate. 755 ILCS 5/8-1 (West 2018). David failed to meet that requirement.

¶ 26    Notwithstanding the time limitation under section 8-1(a), David maintains that equitable tolling rules should apply. A claim for intentional interference with expectancy of inheritance may survive the six-month limitation period if circumstances reveal that the plaintiff was unaware of the bequest or did not have a fair opportunity to pursue a remedy in probate due to the defendant's tortious conduct. See *Estate of Ellis*, 236 Ill. 2d at 55-56. Those special circumstances do not exist in this case. Here, there is no dispute that David had sufficient knowledge of the facts necessary to contest the will during the six-month filing period. No one prevented him from bringing his claim in probate court within the prescribed time limit. Nor does he allege that Millikin's tortious conduct prevented him from challenging the will sooner. David's incarceration, while a potential obstacle, did not prevent him from participating in the proceedings or fairly accessing the courts.

8

¶ 27 In this case, David had knowledge of the bequests to Millikin at the time of Mary's death. He received notice that the will had been admitted to probate and chose not to file his tort claim within the six-month statutory limitation. Thus, the trial court properly dismissed his claim with prejudice under section 2-619(a)(5) of the Code.

¶ 28                                     III. CONCLUSION

¶ 29 The judgment of the circuit court of Tazewell County is affirmed.

¶ 30 Affirmed.